## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

BRIGHTHOUSE LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

MATHEW RYAN VANN, Individually and as
Independent Executor of the Estate of Robert Mathew
Vann, Jr.: MARK THOMAS VANN and DOE #1, as
Administrator/Executor of the ESTATE OF DEBORAH
KAY VANN,

    Defendants.

Case No.   4:25-cv-13

## COMPLAINT IN INTERPLEADER

Plaintiff, Brighthouse Life Insurance Company f/k/a MetLife Insurance Company USA f/k/a MetLife Investors USA Insurance Company ("Brighthouse"), by and through its undersigned counsel, for its Complaint in Interpleader, alleges as follows:

### PARTIES

1. Brighthouse was and is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in North Carolina. Brighthouse is duly authorized to conduct business in the State of Texas.

2. Defendant Mathew Ryan Vann ("Mathew"), both individually and as independent executor of the Estate of Robert Mathew Vann, Jr. (the "Decedent's Estate"), is an adult citizen of Texas and domiciled in Fort Worth, Texas. The Decedent's Estate is being administered in Tarrant

County, Texas and is deemed a Texas citizen. *A copy of the Letters Testamentary is attached hereto as* **Exhibit A**.

3. Defendant Mark Thomas Vann ("Mark") is an adult citizen of Texas and domiciled in Abilene, Texas.

4. Upon information and belief, the estate of Deborah Kay Vann (the "Deborah Vann Estate") has not been opened, but Doe #1, as administrator/executor of the Deborah Vann Estate is named herein in its capacity as a putative beneficiary of the life insurance proceeds at issue in this action. Deborah Kay Vann a/k/a Deborah Kay Lofgreen ("Deborah Vann") was domiciled in Nevada at the time of her death and, thus, the Deborah Vann Estate is deemed a citizen of Nevada.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Brighthouse is a citizen of Delaware and North Carolina for diversity purposes and the Defendants are citizens of Nevada and Texas.

6. This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523 (1967). Defendants are citizens of Nevada and Texas.

7. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the Defendants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. MetLife Investors USA Insurance Company, now known as Brighthouse, issued a single premium immediate annuity number R9501044267 to Robert Mathew Vann, Jr. (the "Decedent"), as owner and annuitant, with an issue date of September 29, 2011 (the "Annuity"). The Annuity is a traditional "individual retirement account." *A specimen copy of the Annuity is attached hereto as **Exhibit B***.

10. On the application for the Annuity dated September 23, 2011 (the "Application"), the Decedent designated Mark Thomas Vann Trust Estate and Mathew Ryan Vann Trust Estate as primary beneficiaries to equal shares of the Annuity's death benefit. *A copy of the Application dated September 23, 2011, is attached hereto as **Exhibit C***.

11. The Annuity provides for monthly income payments and a guaranteed income period of 25 years with an initial payment date of December 1, 2011. Monthly income payments to the Decedent commenced on December 1, 2011.

12. Upon information and belief, the Decedent died on or about May 3, 2024. *A copy of the Decedent's Certificate of Death is attached hereto as **Exhibit** **D.***

13. As a result of the death of the Decedent, the Annuity's monthly income payments of $816.48 per month and payable through November 30, 2036 ("Annuity Death Benefit") became due to the Annuity's beneficiary or beneficiaries entitled to receive it and Brighthouse concedes liability to that effect.

14. Upon information and belief, Mark and Mathew are living and Brighthouse has not received, and is not aware of, any trust documentation which establishes either a Mark Thomas Vann trust or estate trust or a Mathew Ryan Vann trust or estate trust. Brighthouse is uncertain as to what is intended by the beneficiary designations on the Application and thus does not want to

3

proceed with distributing the death benefits under the Annuity without clarification from this Court of this perceived ambiguity.

15. The Annuity provides that if there are no beneficiaries designated under the Annuity, the beneficiary is the estate of the owner. *See page 3 of* **Exhibit B**.

16. By Beneficiary Claim Form-Continued Payments dated June 13, 2024 (the "Claim Form"), Mathew, identified as the Decedent's son on the Claim Form, asserted a claim to the Annuity Death Benefit. *A copy of the Claim Form dated June 13, 2024, is attached hereto as* **Exhibit E**.

17. By letter dated July 16, 2024, to Brighthouse (the "Letter"), Mathew requested that the entire Annuity Death Benefit be released to him as sole beneficiary, stating that Mark had been disinherited by the Decedent. *A copy of the Letter is attached hereto as* **Exhibit F.**

18. As support for Mathew's statement in the Letter that Mark had been disinherited by the Decedent, Mathew attached a copy of the Pour-Over Will of the Decedent (the "Will"), dated October 23, 2020, that states that for purposes of the Will, Mark and his descendants are specifically disinherited. *A copy of the Will dated October 23, 2020, is attached hereto as* **Exhibit G**. *See Article One of* **Exhibit G**.

19. Typically, a provision in a will has no effect on the designation of beneficiaries under an annuity. The Annuity provides that a change of beneficiary may be made by the owner of the annuity by filing a notice with Brighthouse. No such notice was filed by the Decedent prior to his death. *See page 3 of* **Exhibit B.**

20. The Decedent's Estate and Mark also have a presumptive interest in the Annuity Death Benefit and may assert claims to the proceeds.

21. Upon information and belief, Deborah Vann, the Decedent's surviving spouse at the time of Decedent's date, died on or about December 2. 2024. *A copy of the State of Nevada-Department of Health and Human Services Division of Health-Section of Vital Statistics Burial Transit Permit is attached hereto as* **Exhibit H.**

22. The Deborah Vann Estate may also have a presumptive community property interest in the Annuity Death Benefit pursuant to NV Rev Stat §123.220 (2023).

23. There have been no other claims to the Annuity Death Benefit.

24. Under the circumstances, Brighthouse cannot determine factually or legally who is entitled to the Annuity Death Benefit. By reason of the actual or potential claims of the interpleading Defendants, Brighthouse is or may be exposed to multiple liability and/or litigation.

25. Brighthouse has no means other than this Interpleader action of protecting itself against multiple conflicting or potentially conflicting claims and/or possible multiple litigation on the part of the Defendants as to the Annuity Death Benefit.

26. Brighthouse is ready, willing, and able to pay the Annuity Death Benefit, plus applicable interest, if any, in accordance with the terms of the Annuity to whomever this Court shall designate.

27. As a mere stakeholder, Brighthouse has no interest (except to recover its attorneys' fees and cost of this action) in the Annuity Death Benefit and respectfully requests that this Court determine to whom the monthly payments should be paid through the Annuity's guaranteed end date of November 30, 2036.

28. Accordingly, Brighthouse seeks the determination as to the distribution of the Annuity Death Benefit which is due on a monthly installment basis or as otherwise provided in the Annuity in accordance with the judgment of this Court.

29. Brighthouse has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Brighthouse and any of the Defendants. Brighthouse brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Brighthouse prays that the Court enter judgment:

(a) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Annuity Death Benefit should be paid;

(b) declaring which of the Defendant(s) is entitled to receipt of the Annuity Death Benefit;

(c) discharging Brighthouse from any and all further liability to the Defendants relating to, arising out of, or in connection in any way with the Annuity and/or the Annuity Death Benefit upon issuance by this Court of an order directing how the Annuity Death Benefit must be paid;

(d) dismissing with prejudice Brighthouse from this action upon issuance by this Court of an order directing how the Annuity Death Benefit must be paid;

(e) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Annuity and/or the Annuity Death Benefit;

(f) awarding Brighthouse its attorneys' fees and costs in their entirety; and

(g) awarding Brighthouse any other and further relief that this Court deems just and proper.

Dated: January 7, 2025.

        Respectfully submitted,

        <u>/s/   *Andrew MacRae*</u>
        Andrew F. MacRae
        State Bar No. 00784510
        d'Arcambal, Ousley & Cuyler Burk LLP
        3267 Bee Cave Road
        Suite 107, PMB 276
        Austin, Texas 78746
        Tel: (512) 565-7798
        amacrae@darcambal.com
        *Attorneys for Plaintiff,*
        *Brighthouse Life Insurance Company*

Metroplex Office:
13245 Mill Grove Lane
Dallas, Texas 75240